UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL IZOR,<br><br>    Plaintiff,<br><br>v.<br><br>ABACUS DATA SYSTEMS, INC,<br><br>    Defendant. | Case No. 19-cv-01057-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. No. 50 |

Defendant moves the Court to stay this case under its inherent authority "until the Supreme Court decides the constitutionality of the TCPA in *Barr v. American Association of Political Consultants Inc.*, 19-631." Dkt. No. 50. For the reasons noted below, the Court **DENIES** Defendant's motion to stay.[1]

## I. DISCUSSION

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a *Landis* stay is warranted, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299

---

[1] Defendant also filed two requests for judicial notice of documents filed in *Barr* and other cases. *See* Dkt. Nos. 52, 61. Because the Court can consider these documents in deciding the motion, the Court **GRANTS** the two requests. *See Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) ("Judicial notice is properly taken of orders and decisions made by other courts."), *rev'd on other grounds*, 520 U.S. 548 (1997).

1   U.S. at 254–55). "[I]f there is even a fair possibility that the stay for which [the requesting party]
2   prays will work damage to [someone] else," then the party seeking a stay "must make out a clear
3   case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. A district
4   court's decision to grant or deny a *Landis* stay is a matter of discretion. *Dependable Highway
5   Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Under *Landis*, the Court declines to exercise its discretion to stay the case pending the Supreme Court's decision in *Barr*. The Court agrees that a stay will likely result in little damage to Plaintiff. Although oral argument in *Barr* has been postponed in response to public health guidance regarding COVID-19, the stay would not be indefinite or present the possibility of continuing wrongful conduct, as the messaging campaign at issue in this case only took place from December 2018 to February 2019. *See* Dkt. No. 50-1 at ¶3. The Court similarly finds little hardship or inequity will result if the case moves forward. While Defendant argues that it "will suffer harm in the form of potentially unnecessary fees and costs spent litigating a class action that may be mooted shortly," Dkt. No. 51 at 12, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.'" *Lockyer v. Mirant Corp.*, 393 F.3d 1098, 1112 (9th Cir. 2005). Moreover, Defendant fails to acknowledge that a second cause of action alleged by Plaintiffs under section 227(c)(5) will be completely unaffected by the outcome in *Barr*. *See* Dkt. No. 1. The discovery deadline in this case was previously set for March 27, 2020, and the parties have represented that depositions remain. *See* Dkt. No. 50-1 at ¶¶3–5. The depositions are relevant to both causes of action and thus will need to be taken regardless. The circumstances may change after all discovery is complete since the two causes of action allege two different classes, but the Court sees little to no harm in the case proceeding to the class certification stage. *See* Dkt. No. 44.

Finally, the Court turns to the factor of judicial economy, which is the most significant based on the scenario presented in this motion. Defendant argues that that a stay will conserve judicial resources since *Barr* could invalidate section 227(b)(1)(A)(iii) (Plaintiff's first cause of action) in its entirety. *Barr* certified two issues to the Supreme Court: "whether the government-debt exception found in 47 U.S.C. § 227(b)(1)(A)(iii) violates the First Amendment," and if so,

"whether the proper remedy [is] to sever the offending exception from the TCPA, leaving the remainder of the TCPA intact." Mot. at 1. Section 227(b)(1)(A)(iii) states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, *unless such call is made solely to collect a debt owed to or guaranteed by the United States*.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The Fourth Circuit held that the government-debt exception of the TCPA (emphasized above) is unconstitutional under the First Amendment, and severed this provision from the remainder of the statute. *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 171 (4th Cir. 2019) ("We are also satisfied that a severance of the debt-collection exemption will not undermine the automated call ban. For twenty-four years, from 1991 until 2015, the automated call ban was 'fully operative.' As a result, the Plaintiffs simply cannot show that excising the debt-collection exemption will hamper the function of the ban.") (citations omitted). The Ninth Circuit similarly held in *Duguid v. Facebook, Inc.* 926 F.3d 1146, 1156 (9th Cir. 2019) ("Though incompatible with the First Amendment, the debt-collection exception is severable from the TCPA.")

Defendant's argument relies entirely on the second question: it assumes that if the Supreme Court agrees that the government-debt exception is unconstitutional under the First Amendment, it also will find that the provision is not severable from section 227(b)(1)(A)(iii)—but that is the opposite of what both the Fourth and Ninth Circuits held. The government-debt exception is not at issue in this case, nor has Defendant put it in issue. *See* Dkt. No. 21 (Defendant's motion to dismiss only concerned Plaintiff's second cause of action under section 227(c)(5) and did not raise any issues with the constitutionality or interpretation of section 227(b)(1)(A)(iii)). Defendant's hope that the Supreme Court will find the government-debt exception inseverable and overturn controlling authority in this circuit does not warrant a stay pending a decision in *Barr*. *See*

3

*Duguid*, 926 F.3d at 1156 ("While not dispositive, this unambiguous language endorsing severability relieves us of a counterfactual inquiry as to congressional intent and creates a presumption of severability absent 'strong evidence that Congress intended otherwise.'") (quoting *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 686 (1987)).

Defendant points to *Seefeldt v. Entertainment Consulting International, LLC*, No. 4:19-CV-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020), *Wright v. EXP Realty*, *LLC* 18-cv-1851-ORL-40EJK, Dkt. No. 99 (M.D. Fla. Feb. 7, 2020), *Jones v. USHealth Group*, No. 19-cv-02534, Dkt. No. 53 (D. Kan. March 12, 2020), and *Perrong v. Liberty Power Corp.*, 18-cv-00712 (D. Del. Mar. 6, 2020), which all recently granted stays in TCPA putative class actions pending the Supreme Court's decision in *Barr*. The Court does not find these cases persuasive given the nature of this case. In *Seefeldt*, "the definitional problem of what constitutes an autodialer" and "government-debt exception issue [were] certainly front-and-center in [the parties'] arguments," No. 4:19-CV-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020), but neither of those issues are raised here. Instead, Defendant solely relies upon petitioner's request for review of the severability question in *Barr*. In *Wright*, *Jones*, and *Perrong*, the courts provided very little explanation as to why any proceedings before the resolution of *Barr* would be a waste of judicial resources.

//
//
//
//
//
//
//
//
//
//
//

4

## II. CONCLUSION

For the foregoing reasons, and in its discretion, the Court **DENIES** Defendant's motion to stay. The Court further sets a telephonic conference for April 28, 2020 at 2:00 p.m. All counsel shall use the following dial-in information to access the call: Dial-In: 888-808-6929 Passcode: 6064255. For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The parties are further advised to ensure that the Court can hear and understand them clearly before speaking at length. The parties are directed to file a joint statement proposing an amended case schedule, given that the stayed deadlines have already passed. The joint statement must be efiled by April 22, 2020.

**IT IS SO ORDERED.**

Dated: 4/13/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge